**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Daisy Crump, Appellant,

v.

Glenfield Capital, LLC, d/b/a Glen 1441, LLC; Colliers International South Carolina, Inc.; tk Elevator Corporation; and Sizemore, Inc., Respondents.

Appellate Case No. 2024-001569

Appeal From Richland County
Jessica Ann Salvini, Circuit Court Judge

Unpublished Opinion No. 2026-UP-386
Submitted April 1, 2026 – Filed July 22, 2026

**REVERSED AND REMANDED**

Charles R. Buist, Jr., of Spetsas Buist PLLC, of Orlando, Florida; Adam Sinclair Ruffin, of Ruffin Law Firm, LLC; and Shaquana Monique Cuttino, both of Columbia; all for Appellant.

Mark Steven Barrow and Mary Cothonneau Eldridge, both of Sweeny Wingate & Barrow, PA, of Columbia; and Grace Brown Rupert, of Prisma Health, of Greenville, all for Respondent Glenfield Capital, LLC; Joshua Daniel Shaw, of Hedrick Gardner Kincheloe &

Garofalo, LLP, of Columbia, for Respondent Colliers International South Carolina, Inc.; Everett Augustus Kendall, II and John Douglas Elliott, both of Murphy & Grantland, PA, of Columbia, for Respondent tk Elevator Corporation.

---

**PER CURIAM:** Daisy Crump appeals circuit court orders granting summary judgment to Glenfield Capital, LLC d/b/a Glen 1441, LLC, Colliers International South Carolina, Inc., and tk Elevator Corporation (collectively, Respondents) and denying her motion to reconsider. We reverse the award of summary judgment and remand the matter for a jury trial.

## FACTS/PROCEDURAL HISTORY

On November 4, 2019, Crump was leaving her place of employment, Absolute Total Care, where she worked as a licensed nurse practitioner. While departing, Crump became trapped in the elevator in her building for approximately an hour. Following the elevator incident, Crump suffered from high blood pressure, chronic insomnia, anxiety, claustrophobia, panic attacks, etc. and was unable to return to the workforce.

On October 26, 2022, Crump filed a negligence action against Respondents. Respondents answered and filed a joint motion for summary judgment. Following a hearing on the motion, the circuit court issued an order granting summary judgment to Respondents. It stated: "In conclusion, the Court finds the Plaintiff was not physically injured in this case and therefore, cannot establish actionable damages under negligence. Without evidence of physical injury, there is no genuine issue of material fact. The Court grants summary judgment on this ground as to all Defendants." Crump subsequently filed a motion to reconsider pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure, which the circuit court denied. This appeal followed.

## ISSUE ON APPEAL

Did the circuit court err in granting summary judgment to Respondents?

## STANDARD OF REVIEW

This court reviews a grant of summary judgment under the same standard applied by the circuit court under Rule 56(c), SCRCP. *Loflin v. BMP Dev., LP*, 427 S.C. 580, 588, 832 S.E.2d 294, 298–99 (Ct. App. 2019). Pursuant to Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." "Thus, the appellate court reviews all ambiguities, conclusions, and inferences arising in and from the evidence in a light most favorable to the non-moving party." *Pee Dee Stores, Inc. v. Doyle*, 381 S.C. 234, 240, 672 S.E.2d 799, 802 (Ct. App. 2009). "However, it is not sufficient for a party to create an inference that is not reasonable or an issue of fact that is not genuine." *McMaster v. Dewitt*, 411 S.C. 138, 143, 767 S.E.2d 451, 453–54 (Ct. App. 2014) (quoting *Town of Hollywood v. Floyd*, 403 S.C. 466, 477, 744 S.E.2d 161, 166 (2013)).

## LAW/ANALYSIS

Crump argues the circuit court erred in granting summary judgment to Respondents. Specifically, Crump asserts the court erred in finding she failed to establish she suffered damages due to physical injury from her incident in the elevator. Crump maintains South Carolina jurisprudence holds that physical manifestations of emotional distress are sufficient evidence of harm; thus, summary judgment was improper and the court should have allowed the negligence claims to go to the jury. We agree.

"South Carolina law has long allowed a negligence plaintiff to recover for emotional harm in cases where the plaintiff has also suffered physical harm." *K.S. by & through Seeger v. Richland Sch. Dist. Two (Seeger)*, 445 S.C. 111, 120, 912 S.E.2d 240, 244–45 (2025). "The physical harm may take one of two forms: physical harm caused by physical impact from an external or outside force, *or physical harm consisting of the physical manifestations caused by emotional distress*." *Id.* at 120, 912 S.E.2d at 245 (emphasis added).

> In order to receive bodily injury, it was *not necessary* that the plaintiff should lose a limb or receive a broken limb, or *to have wounds inflicted on her body*. *Having her nervous system injured and being made sick, in the manner she testified, constitutes bodily injury*, and for which she should be entitled to recover damages in proportion to such injury, provided the proof establishes

negligence . . . .

*Spaugh v. Atl. Coast Line R. Co.*, 158 S.C. 25, 30, 155 S.E. 145, 147 (1930); *id.* (holding the weight and force of testimony regarding physical injuries due to suffered mental anguish was a matter for the jury, rendering a directed verdict improper); *id.* (finding "[s]uffering from a nervous breakdown, as a result of defendant's negligence, would support a verdict for the plaintiff, independent of any other injury she sustained"); *Mack v. South-Bound R. Co.*, 52 S.C. 323, 29 S.E. 905 (1898) (holding defendant liable for injuries sustained as a result of mere fright and mental disturbance caused by its negligence).

In reviewing the pleadings, motions, depositions, and hearing transcript, the facts in a light most favorable to Crump are as follows. Crump was 69 years old at the time of the incident, in November 2019, and worked as a licensed nurse practitioner. She had been working as a licensed nurse since 1989. After being extracted from the elevator, she suffered dangerously high blood pressure. Declining first responders' advice to go to the emergency room for her elevated blood pressure, Crump returned home but was unable to sleep or relax. Crump saw her primary care physician, Dr. Maria Parker Hester, the following day. While Dr. Hester did not find any physical injuries directly resulting from the incident, she testified Crump was "obviously emotionally shaken and appeared anxious [with] pressured speech." Dr. Hester treated Crump for insomnia and anxiety, prescribing "a short-term anxiolytic" and sleep aid. A few days later, Crump went to see Dr. Hester again, alleging worsening symptoms of anxiety and insomnia. Dr. Hester referred Crump to a counselor for further treatment of her mental distress but continued to treat her for anxiety, insomnia, and her pre-existing conditions, including high blood pressure and gout. In relation to the incident, Dr. Hester testified she saw Crump twice in November 2019 and then again in December 2019. Crump testified Dr. Hester referred her to She's Counseling in December 2019. Shenna Ganzy, the CEO of She's Counseling, testified Crump was her client and she diagnosed Crump with Post Traumatic Stress Disorder (PTSD) and panic attacks. Ganzy testified Crump "exhibit[ed] symptoms of anxiety and panic following a traumatic incident of being trapped in an elevator." Ganzy noted Crump suffered from "shortness of breath, chest pain, dizziness, and an overwhelming fear of dying or losing control" that significantly affected Crump's daily functioning and quality of life. She's Counseling later referred

Crump to a psychiatrist, Dr. Kevin Krebs, in February 2020 for further treatment.[1] Crump was unable to return to work and alleged she lost substantial earnings and her ability to earn wages.

Based on the foregoing, we find Crump presented sufficient evidence of physical manifestations of emotional distress to create a question of fact for the jury. *See* Rule 56, SCRCP (providing summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"). In reviewing the hearing transcript and motions, it is clear Respondents and the circuit court improperly interpreted and applied our precedent. The circuit court held "Plaintiff was not physically injured in this case and therefore, cannot establish actionable damages under negligence" because "[w]ithout evidence of physical injury, there is no genuine issue of material fact." However, the court based this finding on Crump and Dr. Hester's testimony that she received no immediate physical injury from her forced enclosure in the elevator.[2] Our jurisprudence allows recovery for

---

[1] In April 2020, Dr. Hester treated Crump for a flare up of her gout. Crump asserts this flare up and aggravation of her gout was a result of the cumulative stress and sleep deprivation her body suffered.

[2] At the summary judgment hearing, Respondents also asserted that *Seeger* established a "bright line rule" that even in instances of physical manifestations of emotional distress, plaintiffs are required to show severe misconduct of the defendants. This is erroneous. In *Seeger*, Justice Hill states:

> [W]e need not address Seeger's alternative argument that the emotional distress K.S. has suffered has caused a physical injury entitling him to seek damages for emotional harm. . . . *Our decision today does not affect these cases. Our decision today addresses only those negligence cases where damages for emotional harm are sought where the plaintiff has also suffered physical harm caused by a physical impact from an external force. It does not concern negligence cases where it is alleged the defendant's negligent conduct did not cause a physical impact but caused an emotional harm that later manifests into physical symptoms.*

*Seeger*, 445 S.C. at 121–22, 912 S.E.2d at 245–46 (emphasis added).

emotional distress if it manifests in physical symptoms at a later point. Thus, the circuit court erred in granting summary judgment to Respondents based on its finding that Crump suffered no physical harm. *See Padgett v. Colonial Wholesale Distrib. Co.*, 232 S.C. 593, 608, 103 S.E.2d 265, 272 (1958) ("If the respondent's bodily injury was proximately caused by the shock, fright and emotional upset as a result of the negligence and willfulness of the appellant, he was entitled to recover such damages as would compensate him for the injury so sustained."); *Bray v. Marathon Corp.*, 356 S.C. 111, 118–19, 588 S.E.2d 93, 96 (2003) (applying *Padgett* and reversing the trial court's grant of summary judgment to defendants, finding plaintiff may be able to recover for her alleged injuries that arose from the sudden fright she felt when the machine she was operating malfunctioned and caused fatal injury to her co-worker).

Accordingly, we **REVERSE** the award of summary judgment to Respondents and **REMAND** the matter for a jury trial.[3]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.